Lin v. Holder
BIA
Nelson, IJ
A087 550 621

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand twelve.

PRESENT:
>       GUIDO CALABRESI,
>       ROBERT A. KATZMANN,
>       RICHARD C. WESLEY,
>           *Circuit Judges*.

_____

HAI LIN,
>       *Petitioner*,

>       v.                                    11-3827
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Edward J. Cuccia, Ferro & Cuccia, New York, New York

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Dara S. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hai Lin, a native and citizen of the People's Republic of China, seeks review of an August 25, 2011, decision of the BIA affirming the March 24, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Lin*, No. A087 550 621 (B.I.A. Aug. 25, 2011), *aff'g* No. A087 550 621 (Immig. Ct. N.Y. City Mar. 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of

2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the internal inconsistencies in Lin's testimony, and between his testimony, his asylum application and his mother's letter, as well as his demeanor.

As the agency noted, there were discrepancies between Lin's mother's letter, his asylum application, and his testimony as to whether the police visited his home after he was released from detention, and, if they did visit, who was at the home when they arrived. Lin also testified inconsistently regarding the circumstances surrounding his

3

release from detention. The agency properly relied on the cumulative effect of these inconsistencies to support the adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may base a credibility determination on "the totality of the circumstances, and all relevant factors"). Moreover, Lin was provided with multiple opportunities to reconcile his testimony and he failed to present reasonable explanations for the discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is further supported by the IJ's demeanor finding. In finding Lin not credible, the IJ reasonably relied in part on his demeanor, noting that Lin was "extremely hesitant and evasive" when responding to certain questions. Because the IJ was in the best position to observe Lin's manner while testifying, we afford this finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Therefore, in this case, the totality of the circumstances support the agency's adverse credibility

4

determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the adverse credibility determination is dispositive of Lin's asylum claim, we do not reach his argument regarding the timeliness of his application. Furthermore, because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Before this Court, Lin asserts that because the IJ erred in finding that he had not proved by clear and convincing evidence his date of entry into the United States, the entirety of the IJ's adverse credibility determination was tainted. Because Lin is raising this argument for the first time before this Court, we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk